```
                    United States District Court
                      District of Massachusetts
 _____
                               )
RFF FAMILY PARTNERSHIP, LP,    )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    14-10065-NMG
LINK DEVELOPMENT, LLC and STEVEN)
A. ROSS, individually and in his)
capacity as Trustee of BD      )
Lending Trust,                 )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This pending motion for attorneys' fees is the latest installment in this protracted litigation involving ownership of a 22-acre, undeveloped commercial property in Saugus, Massachusetts ("the Property"). The lawsuit centers on a three-way dispute between RFF Family Partnership LP ("RFF"), Steven A. Ross, individually and in his capacity as trustee of BD Lending Trust ("Ross") and Link Development, LLC ("Link") as to the ramifications of two contradictory settlement agreements made by BD Lending Trust ("BD Lending") in 2012. The Court presided over a six-day jury trial in January, 2015, wherein, inter alia, RFF prevailed against Ross on its claim brought under the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A").

-1-

RFF's motion seeks to recover the fees and costs it purportedly incurred in prosecuting its Chapter 93A claim. Specifically, RFF is seeking attorneys' fees in the amount of $191,029 and costs in the amount of $3,229. For the following reasons, the motion will be allowed, in part, and denied, in part.

I. **Background**

The facts of this complex case have been described at length in previous orders issued by this Court. See, e.g., RFF Family P'ship, LP v. Link Dev., LLC, Nos. 11-cv-10968-NMG, 14-cv-10065-NMG, 2014 WL 5151521, at *1-6 (D. Mass. Sept. 30, 2014). Therefore, the Court will summarize here only the salient facts relevant to this Memorandum & Order.

In November, 2012, RFF entered into a settlement agreement with BD Lending that called for BD Lending to discharge the underlying mortgage on the Property ("the BD Mortgage"). That settlement agreement resolved all of the claims asserted by RFF against BD Lending in a previously-filed case in this Court ("the 2011 federal case") and, had the terms of the settlement been performed, would have provided RFF unencumbered title to the Property. BD Lending failed, however, to discharge the BD Mortgage, claiming it was impossible to do so because Link had impermissibly recorded an assignment of the BD Mortgage in

violation of a written settlement agreement between BD Lending and Link executed in June, 2012.

In January, 2014, RFF filed the instant action against Ross and Link, seeking 1) a declaratory judgment that the BD Mortgage was void (Count I) and 2) monetary damages against both defendants for slander of title (Count IV) and against Ross for breach of contract (Count II), negligent and/or intentional misrepresentation (Count III) and for violating Chapter 93A, §§ 2 and 11 (Count V).

In September, 2014, the Court issued a lengthy opinion ruling on a myriad of motions in both the instant case and the 2011 case. In that opinion, the Court, inter alia, allowed Link's motion for partial summary judgment and judicially estopped RFF from contesting the validity of the BD Mortgage. Accordingly, Counts I and IV of RFF's complaint were dismissed. The Court also allowed, in part, RFF's motion for partial summary judgment and held Ross in breach of contract for failing to discharge the BD Mortgage as called for in the November, 2012 settlement agreement between RFF and BD Lending.[1] Therefore, the remaining issues with respect to RFF's complaint were 1) the amount of damages, if any, owed by BD Lending Trust to RFF for

---

[1] Unlike Counts III and V, which were brought against Ross both individually and in his capacity as trustee of BD Lending, the breach of contract claim (Count II) was brought against Ross only in his capacity as trustee of BD Lending.

its breach of contract and 2) RFF's claims against Ross for negligent and/or intentional misrepresentation and violating Chapter 93A.[2]

In January, 2015, the Court held a six-day jury trial. On January 21, 2015, the jury returned a verdict that, inter alia, found Ross liable for both misrepresentation and for violating Chapter 93A, although it determined that Ross's violation of that statute was not willful or knowing. The jury, however, awarded RFF only nominal damages in the amount of one dollar on each of the breach of contract, misrepresentation and Chapter 93A claims. It also found Ross personally liable for both the misrepresentation and the 93A violation.

On February 4, 2015, pursuant to M.G.L. c. 93A, § 11, RFF filed the instant motion seeking to recover $194,258 in attorneys' fees and costs it purportedly incurred in prosecuting its Chapter 93A claim.

## II. Attorneys' Fees and Costs

### A. Legal Standard

Chapter 93A, § 11(6) of the Massachusetts General Laws establishes that a prevailing party is entitled to recover "reasonable attorneys' fees and costs incurred" in connection with its action. The amount of reasonable attorneys' fees

---

[2] The defendants' various cross-claims against one another also remained pending for trial.

recoverable under Chapter 93A is largely within the Court's sound discretion. NASCO, Inc. v. Public Storage, Inc., 127 F.3d 148, 154 (1st Cir. 1997) (citations omitted).

The factors for the Court to consider in determining reasonable attorneys' fees include: 1) the nature of the case and issues presented, 2) the time and labor required, 3) the amount of damages involved, 4) the result obtained, 5) the experience, reputation, ability and competence of the attorney, 6) the usual price charged for similar services by other attorneys in the same area and 7) the amount of awards in similar cases. See, e.g., Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 837 N.E.2d 1121, 1138 (Mass. 2005) (citing Linthicum v. Archambault, 398 N.E.2d 482, 488 (Mass. 1979), overruled in part on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 640 N.E.2d 1101 (Mass. 1994)). See also Trenwick Am. Reinsurance Corp. v. IRC, Inc., 2011 WL 2009919, at *2 (D. Mass. May 23, 2011) (explaining that reasonable attorneys' fees under Chapter 93A are determined using "less structured, more flexible approach" identified in Linthicum, rather than more formal lodestar method). No single factor is determinative and, although helpful, the Court need not engage in a factor-by-factor analysis. Incase, Inc. v. Timex Corp., 421 F. Supp. 2d 226, 242-43 (D. Mass. 2006) (citing Berman v. Linnane, 748 N.E.2d 466, 469 (Mass. 2001)).

Ultimately, the fees to be awarded to the prevailing plaintiff ought to be in an amount equal to what the "services were objectively worth." Star Fin. Servs., Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 16 (1st Cir. 1996) (citing Heller v. Silverbranch Constr. Corp., 382 N.E.2d 1065, 1071 (Mass. 1978)).

**B.  Analysis**

In its motion, RFF requests attorneys' fees in the amount of $191,029 and costs in the amount of $3,229.

**1.  Right to Recover Attorneys' Fee**

As an initial matter, Ross opposes the award of any attorneys' fees, arguing that RFF suffered no damages as a result of the Chapter 93A violation.  The Court disagrees.

Ross fails to distinguish between establishing a 93A violation wherein the prevailing party is awarded no relief at all and the fundamentally different situation wherein the prevailing party obtains a verdict and an award of nominal damages.  There is no question that a plaintiff cannot recover attorneys' fees if it fails to prove any injury or monetary loss. Chapman v. Katz, 862 N.E.2d 735, 749 (Mass. 2007).  On the other hand, establishing damages, even if minimal, warrants recovery of "reasonable" attorneys' fees. Raymer v. Bay State Nat'l Bank, 424 N.E.2d 515, 521 (Mass. 1981) (holding that, under M.G.L. c. 93A, § 11, "an award of modest attorneys' fees" is appropriate upon proof of nominal damages); see Martha's

Vineyard Auto Village, Inc. v. Newman, 569 N.E.2d 401, 405 (Mass. App. Ct. 1991). See also M.G.L. c. 93A, § 11(6) (successful plaintiff entitled to reasonable attorneys' fees and costs "in addition to other relief provided for in [§ 11] and irrespective of the amount in controversy").

Moreover, courts have held that attorneys' fees are recoverable so long as the unfair or deceptive conduct underlying the Chapter 93A claim "had some adverse effect upon the plaintiff, even if not quantifiable in dollars." Jet Line Servs., Inc. v. Am. Emp'rs Ins. Co., 537 N.E.2d 107, 115 (Mass. 1989); see Drywall Sys., Inc. v. ZVI Const. Co., 761 N.E.2d 482, 488-89 (Mass. 2002).

Here, Ross's conduct underlying the 93A violation, i.e., his settlement with RFF yet subsequent failure to discharge the mortgage, undoubtedly caused RFF "adverse effects." RFF discharged its claims against BD Lending in the 2011 case on the basis of the settlement agreement. BD Lending failed to abide by that agreement and, in fact, was held in contempt in the 2011 case and in breach of contract in the instant suit for its failure to do so. As a result, RFF's ownership interest in the Property remains encumbered by the BD Mortgage. That fact, combined with the jury award of nominal damages for Ross's unfair and deceptive conduct, entitles RFF to recover some attorneys' fees.

## 2. Amount of Damages and Results Obtained

In considering the Linthicum factors, however, the Court must take into account the very limited recovery RFF obtained in this case. This was, in essence a pyrrhic victory for RFF which fell way short of the amount of damages it sought. That leaves RFF with a stalemate with respect to Ross and Link and the BD Mortgage. Despite the complex nature of the case, such limited success weighs heavily in favor of an award of attorneys' fees substantially less than what RFF is seeking.

That being said, the Court acknowledges that the amount of recovery is only one consideration and is "by no means the fundamental factor." Haddad Motor Grp., Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C., 603 F.3d 1, 10 (1st Cir. 2010) (pointing to examples in the case law where the Chapter 93A attorneys' fees award "far exceed[ed] the damages awarded"). The First Circuit Court of Appeals has remarked that

> [f]ee-shifting provisions in general reflect a legislative judgment that the public as a whole has an interest in the vindication of the rights conferred by the statutes over and above the value of a remedy to a particular plaintiff.

Joyce v. Town of Dennis, 720 F.3d 12, 31 (1st Cir. 2013) (citations and internal quotations omitted). Thus, the Court is careful not "to g[i]ve too much weight" to the limited amount of damages awarded by the jury but remains cognizant that the

"results obtained" factor continues to serve as "a preeminent consideration in the fee-adjustment process." Id. at 27, 31.

### 3. Additional Considerations

Furthermore, the poor quality of the supporting documentation serves as a key consideration meriting a significantly reduced award of attorneys' fees. Plaintiff ultimately bears the burden of providing sufficiently detailed documentation from which the Court may determine the reasonableness of the fees requested. See Janney Montgomery Scott LLC v. Tobin, 692 F. Supp. 2d 192, 197 (D. Mass. 2010) (rejecting vague documentation and noting applicant bears burden of providing sufficiently detailed description and documentation); Twin Fires, 837 N.E.2d at 1137.

In support of its request, RFF submitted two brief affidavits and copies to 77 pages of invoices submitted to the client. The invoices cover the entire duration of the case through the filing of the instant motion. They include invoices of the predecessor and current law firms of plaintiff's counsel, many of which are demonstrably deficient.

First, the bills contain a number of entries for legal work pertaining to contempt proceedings in the 2011 case. Such services are clearly not related to RFF's recovery on its Chapter 93A claim in this case and are noncompensable. RFF attempts to circumvent that problem by affirming that time spent

-9-

on the contempt issue by plaintiff's current law firm was deducted from the total requested amount but that is not verified nor does it account for such time that was billed at the predecessor law firm.

Second, a considerable amount of time seems to have been billed for RFF's unsuccessful claims pertaining to the validity of the mortgage and the Court will discount such fees accordingly. Jet Line, 537 N.E.2d at 114-15. That is easier said than done, however, because most of the submissions prior to the Court's September, 2014 Memorandum & Order fail to distinguish how billed time was divided between claims that survived summary judgment and those that did not.

Ross contends that RFF is not entitled to recover attorneys' fees for work in furtherance of certain other claims on which RFF prevailed at trial but that is incorrect because where a single chain of events gave rise to both the common law and Chapter 93A claims, apportionment of legal effort between them is unnecessary. Clamp-All Corp. v. Foresta, 763 N.E.2d 60, 74 (Mass. App. Ct. 2002). Such is the case here, where the common law breach of contract and misrepresentation claims and the statutory Chapter 93A claim stem from the same underlying events.

Third, the invoices contain numerous redactions that prevent the court from determining the reasonableness of the

fees requested.  Although some degree of redaction based on privilege is permitted, the Court will disallow a portion of the compensation requested where "the substance of the work [is] elusive." Pizzo v. Gambee, 796 F. Supp. 2d 270, 273 (D. Mass. 2011).

The Court, having conducted a careful review of the invoices, need not expend further judicial resources on the subject. Twin Fires, 837 N.E.2d at 1137.  RFF's submission appears to be overly broad and excessive, has not been categorized in "any meaningful fashion" and amounts essentially to a "data dump." Id.

Finally, the Court notes that Ross does not contest the hourly rates for RFF's counsel and, as such, both attorneys' rates are deemed appropriate.

In sum, and after considering the various Linthicum factors, the Court finds that an award of attorneys' fees in the amount of $47,757 (25% of the amount requested) is reasonable and appropriate in this case.  That amount is awarded to account for, inter alia, the minimal success and limited damages recovered by RFF at trial and the insufficient documentation RFF provided to the Court in support of its request. See De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009) (citing approvingly to Wagner v. City of Holyoke, 404 F.3d 504, 509-10 (1st Cir. 2005), where the First Circuit upheld a much

greater reduction in recoverable attorneys' fees to reflect the fact that plaintiff received only nominal damages on one of six claims brought in § 1983 action).

### 4. Costs

The only costs that RFF seeks to recover pertain to the travel, hotel and meal expenses incurred by Robert Freedman, the principal of RFF, in connection with the January, 2015 trial. These are not the kind of costs typically deemed compensable and, accordingly, the Court will not approve them. Joyce v. Town of Dennis, 2014 WL 585455, at *4 (D. Mass. Feb. 12, 2014).

Furthermore, RFF has failed to distinguish on its invoices various incurred costs that are typically compensable, such as court filing fees and expenses for copying. Thus, to the extent RFF incurred any such compensable costs, they have been considered by the Court in determining the overall award of attorneys' fees and will not be duplicated.

**ORDER**

In accordance with the foregoing, plaintiff's motion for attorneys' fees (Docket No. 166) is **ALLOWED, in part,** and **DENIED, in part.** Plaintiff RFF Family Partnership, LP is awarded $47,757 in attorneys' fees and costs.

**So ordered.**

                                              /s/ Nathaniel M. Gorton  
                                              Nathaniel M. Gorton  
                                              United States District Judge

Dated March 31, 2015