```
                    United States District Court
                      District of Massachusetts
 _____
                               )
RFF Family Partnership, LP     )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    14-10065-NMG
Link Development, LLC and      )
Steven A. Ross, individually   )
and in his capacity as Trustee )
of BD Lending Trust,           )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is the second action ("2014 case") involving the same parties related to a convoluted mortgage dispute. RFF Family Partnership, LP ("RFF"), the current owner of approximately 22 acres of land in Saugus, Massachusetts ("the property"), seeks both declaratory and monetary relief against Steven Ross, individually ("Ross") and in his capacity as the trustee of the BD Lending Trust ("BD"), and Link Development, LLC ("Link"). Link formerly owned the property subject to a mortgage granted to BD ("the BD Mortgage"). Without discharging the BD mortgage, Link borrowed money from RFF and granted RFF a mortgage on the same property, representing to RFF that there were no other liens or encumbrances senior to its mortgage. Link also agreed that it would not create any new encumbrances on the property

-1-

without RFF's consent.  Link defaulted on the repayment of its loan after which RFF foreclosed and bought the property at auction.

## I. Background

RFF claims that the mortgage granted by Link in favor of BD is void because it was executed by a now-disbarred attorney, Stuart Sojcher ("Sojcher"), who lacked authority to sign the BD Mortgage on behalf of Link.  Sojcher diverted to his own benefit the proceeds of the loan which the BD Mortgage was intended to secure.  RFF made a demand upon BD to discharge the BD Mortgage but BD refused.  As a result, in June, 2011, RFF brought suit in this Court against both BD and Link, seeking to nullify the BD Mortgage ("the 2011 case").  That case resulted in two separate settlement agreements, one between BD and RFF and the other between BD and Link.  Only BD was aware of both agreements.

In the Link/BD agreement, Link agreed to dismiss a 2006 Massachusetts Superior Court lawsuit it had filed against BD in which BD sought a declaration that the BD Mortgage was invalid because Sojcher lacked authority to execute the mortgage.  In consideration for the dismissal, BD agreed to pay Link $450,000 up front and at least $650,000 at a later date (the amount dependent upon the timing of the payments).  To secure BD's payment obligation, BD provided Link with an assignment of the

BD mortgage to be held in escrow and recorded only in the event of BD's default.

In the RFF/BD agreement, BD agreed to discharge the BD Mortgage in exchange for a payment of $140,000 from RFF. After executing the agreement, BD informed Link that it intended to discharge the BD Mortgage in fulfillment of its obligations under the RFF/BD settlement. Link, believing that such an action would be a breach of the Link/BD settlement, recorded the assignment of the BD Mortgage it had held in escrow.

Because of the recording of the assignment by Link, BD claimed it no longer held the mortgage and therefore could not fulfill its obligation under the RFF/BD agreement. RFF successfully moved to enforce its settlement agreement with BD and the Court ordered BD to discharge the mortgage. BD nevertheless refused to do so. Consequently, RFF filed the 2014 case, asserting claims for:

1) declaratory judgment against Link and BD that the BD Mortgage is void (Count I);

2) breach of contract against BD, seeking damages as a result of the breach of the RFF/BD settlement agreement (Count II)

3) negligent and/or intentional misrepresentation against Ross and BD for statements made in connection with the RFF/BD settlement agreement (Count III);

4) slander of title against Link and BD seeking damages arising from the failure of Link and BD to discharge the BD Mortgage (Count IV) and

   5) violation of the Consumer Protection Act (M.G.L. ch. 93A) against Ross and BD (Count V).

Link and BD filed cross-claims against each other which, for reasons unimportant to the case at hand, are no longer at issue.  After the parties filed cross-motions for summary judgment, the Court entered a Memorandum and Order in which it concluded that BD had breached the RFF settlement agreement which it found to be valid.  The Court declined, however,

> [to] enter summary judgment on behalf of RFF on the declaratory judgment with respect to the validity of the BD Mortgage.  While Attorney Sojcher lacked authority to enter into the BD Mortgage, RFF will be judicially estopped from denying the validity of the BD Mortgage.  RFF has successfully relied upon its contention in related cases that the BD Mortgage is valid and RFF's decision to settle with BD Lending was predicated upon such validity.

The Court entered judgment in favor of RFF on Count II (breach of contract) concluding that, as a matter of law, BD breached the terms of the settlement agreement.  On Count I (declaratory relief), however, the Court entered judgment in favor of Link.[1]  The Court also entered judgment in favor of Link on Count IV (slander of title) because that claim was predicated on the invalidity of the BD Mortgage.  That left Counts III, V and the issue of damages on Count II to be resolved at trial. The case went to trial in January, 2015 and the jury found in

---

[1] BD did not move for summary judgment on Counts I and IV.

favor of RFF on Counts III and V.  It awarded RFF only nominal damages, however, on each of Counts II, III and V.

After trial, RFF moved for judgment as a matter of law on the issue of damages awarded under Count II.  The Court denied the motion.  RFF also moved for attorneys' fees under Chapter 93A.  The Court denied, in part, and allowed, in part that motion and granted RFF partial attorneys' fees.  RFF filed an appeal with the First Circuit Court of Appeals ("First Circuit").

The First Circuit affirmed this Court's decision with respect to the award of damages and the award of partial attorneys' fees.  It vacated and remanded the Court's decision with respect to summary judgment on Counts I and IV.  Those claims are therefore once again before the Court for disposition.

In June, 2016, this Court held a status conference and issued an Order directing:  1) defendants Link and BD to show cause why judgment should not be entered against them with respect to Count I, 2) RFF to show cause why judgment should not be entered against it on Count IV as to Link and 3) RFF and BD to file cross-motions for summary judgment on Count IV.

The parties' responses to the show cause order and their motions for summary judgment are the subjects of this memorandum.

## II. Count I:  Declaratory Judgment

### A. BD's Lack of Response to Show Cause

Defendant BD did not respond to the Court's Order to show cause with respect to Count I in RFF's complaint.  Accordingly, the Court will enter judgment with respect to Count I against BD.  See Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (affirming dismissal of plaintiff's claims because plaintiff did not comply with the district court's order to show cause).

### B. Link's Response to Show Cause

In response to this Court's Order to show cause, Link proffers three arguments as to why judgment should not be entered against it with respect to Count I:  1) RFF's claim for a declaration that the BD mortgage is invalid is barred by the statute of limitations, 2) RFF is barred by claim preclusion from obtaining such a declaration, 3) RFF's claim is barred by principles of res judicata and 4) Link ratified the BD Mortgage, which in turn, validated the mortgage.

With respect to Link's first three arguments, RFF responds, correctly, that the First Circuit already considered and dismissed them in its February, 2016 decision.  See RFF Family P'ship, LP v. Ross, 814 F.3d 520, 530-33 (1st Cir. 2016). Link's first three arguments are thus unavailing.

With respect to the ratification argument, Link contends that it ratified the BD Mortgage when it executed the Link/BD agreement.  That argument is unpersuasive, however, because "the fact of settlement cannot be taken" as acquiescence that the mortgage was valid.  See id. at 530.

Link also submits, without citation, that it ratified and thus, validated, the BD Mortgage because Link (and RFF) purportedly benefited from $88,000 in taxes that BD paid from the proceeds of the loan secured by the mortgage.  Because Link provides no case law in support of its position that the alleged tax benefit constitutes ratification of the mortgage, and the Court has found none, the Court concludes that Link has not met its burden to show cause why judgment should not be entered against it with respect to Count I. See Sun Life Assurance Co. of Can. v. Sampson, 705 F. Supp. 2d 122, 124-25 (D. Mass. 2010). Accordingly, the Court will enter judgment in favor of RFF on Count I.

### III. Count IV:  Slander of Title

#### A.   RFF's Claim against Link

This Court directed RFF to show cause why summary judgment should not enter in favor of Link with respect to RFF's slander of title claim in Count IV.  RFF has failed to do so.

RFF contends that the Court's summary judgment determination was premised on the finding that the BD Mortgage

was valid on estoppel grounds. Although the Court did so indicate in its previous Memorandum and Order, RFF Family P'ship, LP v. Link Dev. LLC, 53 F. Supp. 3d 267, 278 (D. Mass. 2014), it also concluded, as a matter of law, that Link had no knowledge of the truth or falsity of its assignment of the BD Mortgage. Id. at 277.

Such lack of scienter is sufficient to defeat a claim for slander of title. See CMI Assocs., LLC v. Reg'l Fin. Co., LLC, 775 F.Supp.2d 281, 289 (D. Mass. 2011) (false statement must be made knowingly or with reckless disregard of the truth).

RFF has not shown cause in this instance because it provides no new explanation to overcome the Court's earlier conclusion that Link had no knowledge of the illegitimacy of its assignment of the BD Mortgage. See Sun Life, 705 F. Supp. 2d at 124-25. Therefore, the Court will enter summary judgment in favor of Link with respect to Count IV of the complaint.

**B.  RFF's Claim against BD**

In response to this Court's directive, RFF and BD both moved for summary judgment on Count IV (slander of title).

BD proffered two arguments in support of its motion for summary judgment:  1) RFF's claim is barred by the statute of limitations and 2) RFF failed adequately to allege malice.

With respect to the first argument, RFF responds that its claim is not barred by the statute of limitations because it is

premised on BD's failure to discharge its lien. The Court agrees. RFF's claim is not time-barred because BD refused to discharge its lien on or about June 22, 2011. RFF filed its complaint on January 10, 2014, which is within the three-year limitations period. See RFF Family P'ship, 814 F.3d at 531 (concluding that RFF's slander of title claim against Link was not time-barred at least partly because RFF could not have asserted such a claim until it acquired title to the subject property in June, 2011).

Second, BD avers, without citation, that failing to discharge a mortgage does not constitute malice for the purposes of a slander of title claim. RFF disagrees and cites cases from other jurisdictions. See, e.g., Bank One, Mich. v. Karkoukli's Inc., Docket No. 249023, 2005 WL 473891 (Mich. App. Ct. Mar. 1, 2005) (per curiam). Although Massachusetts law controls, there is a paucity of case law on slander of title in that jurisdiction so the Court will consider law from other jurisdictions. Fischer v. Bar Harbor Banking & Tr. Co., 673 F. Supp. 622, 625 (D. Me. 1987) ("[S]ince there is a dearth of Maine authority [on slander of title], it is necessary to look to the common law of other jurisdictions."), aff'd, 857 F.2d 4 (1st Cir. 1988).

At this stage, the Court cannot determine definitively, as matter of law, whether BD acted (or did not act) with malice in

failing to discharge the mortgage.  Genuine disputes of fact exist, for example, as to recklessness of BD's refusal to investigate the statements of Jeffrey Karll, a purported manager of Link, who informed BD that Sojcher could not authorize the mortgage. See Joyce v. Globe Newspaper Co., 245 N.E.2d 822, 826 (Mass. 1969) ("As the cases show, malice . . . [is a] question[] of fact for the jury if there is a basis for divergent views.").

Accordingly, the Court will deny both cross-motions for summary judgment on Count IV, the slander of title claims.

#### ORDER

For the forgoing reasons,

1) **JUDGMENT** is entered in favor of RFF Family Partnership, LP and against defendant Link Development, LLC, with respect to Count I of the Complaint;

2) **JUDGMENT** is entered in favor of RFF Family Partnership, LP and against defendant Steven A. Ross as trustee of BD Lending Trust, with respect to Count I of the Complaint;

3) **JUDGMENT** is entered in favor of Link Development, LLC and against plaintiff RFF Family Partnership, LP with respect to Count IV of the Complaint;

4)  the motion for summary judgment of Steven A. Ross as trustee of BD Lending Trust with respect to RFF's claim of slander of title (Docket No. 199) is **DENIED** and

5)  the motion for summary judgment of RFF Family Partnership, LP with respect to its claim of slander of title (Docket No. 204) is **DENIED.**

A jury trial on Count IV of plaintiff's complaint for slander of title against defendant Steven A. Ross as trustee of BD Lending Trust will commence on Monday, August 14, 2017 in Courtroom 4.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 28, 2017